**Affirmed and Memorandum Majority and Dissenting Opinions filed May 26, 2022.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-20-00223-CR**
**NO. 14-20-00224-CR**
**NO. 14-20-00225-CR**

---

**JOSHUA ANTEE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1551742, 1551743 & 1551744**

---

## MEMORANDUM DISSENTING OPINION

There is no real dispute in this case that appellant's cell phone was used in the commission of the narcotics offense. And I do not disagree that a reasonable reading of the supporting affidavit here provides a substantial basis for the magistrate's conclusion that probable cause existed to search the communications on appellant's cell phone in connection with the narcotics offense. *State v. Duarte*,

389 S.W.3d 349, 354 (Tex. Crim. App. 2012). However, I dissent and write separately because the affidavit provides no plausible explanation of how stored images on a cell phone related to the investigation of the narcotics offense.

Issuance of a search warrant depends on probable cause. *Id.* Probable cause exists if there is a fair probability that evidence of a crime will be found at a specified location. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The test is whether a reasonable reading of the supporting affidavit provides a substantial basis for the magistrate's conclusion that probable cause existed. *Id.* at 238–39; *Duarte*, 389 S.W.3d at 354.

The court states, "Because the warrant and supporting affidavit directly link the evidence being sought to the offense being investigated at the time the warrant was obtained, the search was not an overbroad general search." It is not enough just that a cellphone be linked to an offense. The affidavit supporting the search warrant must also "state the facts and circumstances that provide the applicant with probable cause to believe . . . searching the telephone or device is likely to produce evidence in the investigation of . . . criminal activity." Tex. Code Crim. Proc. Ann. art. 18.0215(c)(5)(B).

The court of criminal appeals has recently confirmed that "generic, boilerplate language about cell phone use among criminals" is not sufficient to search a cell phone. *State v. Baldwin*, No. PD-0027-21, 2022 WL 1499508, at *11 (Tex. Crim. App. May 11, 2022). Instead, "specific facts connecting the items to be searched to the alleged offense are required for the magistrate to reasonably determine probable cause." *Id.*

The affidavit in support of the search warrant specifically sought "[a]ny photographs and videos" as the first item requested to be searched. However, the balance of the affidavit provides no justification that the search of photographs and

2

videos might result in evidence supporting the ongoing investigation:

> Affiant states that he has found through training and experience and also through regular human experience that the majority of persons, especially those using cellular telephones, utilize electronic and wire *communications* almost daily. Therefore, it is your Affiant's opinion that the stored *communication* probably exists in relation to the target communication device(s) and the contents of these *communications* are probably relevant and material to an on-going investigation. It is also the professional opinion of your affiant that the contents of any identified stored *communications*, whether they are opened or unopened, listened to or un-listened to, are probably relevant and material to the investigation.

> Your affiant has reason to believe and does believe that the contents of these *communications* will probably lead investigators to witness(es), suspect(s) and possibly other complainant(s). The device used to contact the target will also lead investigators to interview and/or relevant information (such as subscriber information) in support of the investigation of the noted crime. Interview with these persons will likely lead to relevant background information regarding other narcotic suppliers, narcotics dealers and or narcotics transactions, as well as possible evidence, perpetrators, motives, whereabouts (current or former) of involved parties, etc.

(emphasis added). There is not even another reference to photographs, images or videos. Though the affidavit sets forth probable cause for searching the communications on appellant's cell phone, it supports only a search for "communications." The affidavit does not explain how or why photographs or videos stored could have any relation to the *communications* sought. There is also no limitation that the photographs and videos be attached to a "communication."

As Judge Keel reminded this court in *Diaz v. State*, our review of probable cause supporting a magistrate's issuance of a search warrant is limited to the four corners of the affidavit. 632 S.W.3d 889, 895 (Tex. Crim. App. 2021) ("The dissenting opinion below correctly critiqued the majority opinion for looking to

evidence outside the four corners of the affidavit to support the source's credibility or the reliability of the information he provided."). The affidavit considered by the majority offers no probable-cause justification for searching the photographs and videos on appellant's cell phone. Therefore, the search of appellant's photographs and videos was nothing more than an unfettered and unlimited search of appellant's cell phone in violation of the Fourth Amendment. *Diaz v. State*, 604 S.W.3d 595, 603 (Tex. App.—Houston [14th Dist.] 2020), *aff'd on other grounds*, 632 S.W.3d 889 (Tex. Crim. App. 2021).

I dissent.

/s/    Charles A. Spain
Justice

Panel consists of Justices Jewell, Spain, and Wilson (Wilson, J., majority).

Do Not Publish — Tex. R. App. P. 47.2(b).